# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: M.J.**

**No. 15-0084** (Raleigh County 14-JA-46)

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel Joseph Mosko, appeals the Circuit Court of Raleigh County's December 23, 2014, order terminating her parental rights to her daughter M.J. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Leigh Boggs Lefler, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court denied her the opportunity to present evidence that she remedied the circumstances which led to the prior involuntary termination of her parental rights to her five older children.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, the DHHR filed an abuse and neglect petition against petitioner after one of her older children presented at a local hospital with a spiral fracture of his right femur. An emergency room physician opined that the break was a result of non-accidental trauma. Petitioner denied any physical abuse and provided other explanations, none of which were consistent with the medical evidence. In September of 2009, the circuit court granted petitioner a six-month improvement period, to which the DHHR objected. Thereafter, the DHHR filed an appeal with this Court arguing that the circuit court erred in granting petitioner an improvement period. By order entered February 16, 2010, this Court reversed and remanded the case to the circuit court with directions to terminate the improvement period and hold a dispositional hearing immediately. *See In re Kaitlyn P.*, 225 W.Va. 123, 690 S.E.2d 131 (2010). Ultimately, the circuit court terminated petitioner's parental rights to her five older children by order entered April 12, 2010. Subsequently, the children's great-grandmother, B.R., adopted all of petitioner's children.

---

[1] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

1

In February of 2014, petitioner gave birth to M.J. Several days later, the DHHR filed an abuse and neglect petition alleging that petitioner previously had her parental rights to her five older children involuntarily terminated. In March of 2014, the circuit court held a preliminary hearing, during which the circuit court allowed petitioner to present evidence the she remedied the circumstances that led to the prior involuntary termination of her parental rights. Petitioner also admitted that she lived with B.R. and her children who were the subject of petitioner's prior abuse and neglect proceeding. Accordingly, the DHHR filed an amended petition for abuse and neglect adding petitioner's older children from the prior abuse and neglect, and B.R. as an interested party. The DHHR further alleged that petitioner committed domestic violence against B.R. in the presence of the children and used excessive corporal punishment.[2]

In June of 2014, the circuit court held an adjudicatory hearing, during which it found that M.J. was an "abused and neglected" child based upon petitioner's prior involuntary termination of her parental rights and the continued abuse of her older children. Thereafter, the DHHR filed a second amended petition for abuse and neglect adding the allegation that M.J.'s father received an Order of Protection against petitioner. Ultimately, following a dispositional hearing in November of 2014, the circuit court terminated petitioner's parental rights to M.J. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court denied her the opportunity to present evidence that she remedied the circumstances which led to the prior involuntary termination of her parental rights to her older children. Upon review, we find that petitioner's argument is without merit.

In discussing prior terminations of parental rights, we have previously held that

---

[2]B.R. was granted an Order of Protection against petitioner.

> [w]hen an abuse and neglect petition is brought based solely upon a previous involuntary termination of parental rights to a sibling pursuant to West Virginia Code § 49-6-5b(a)(3)(1998), prior to the lower court's making any disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s).

Syl. Pt. 4, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). The current abuse and neglect proceeding was not brought based solely upon petitioner's prior involuntary termination. The DHHR filed an amended petition for abuse and neglect alleging that petitioner was residing in the same home as these children in spite of the prior involuntary termination of her parental rights; that petitioner committed domestic violence against B.R. in the presence of the children; and that she used excessive corporal punishment. Importantly, petitioner testified that she had been living with, and caring for, her older children "on and off for five years," in direct violation of the circuit court's prior termination order. Regardless, it is clear that the circuit court allowed petitioner to develop the evidence surrounding her prior involuntary termination.[3] During the preliminary hearing, petitioner argued that she "greatly changed [the] circumstances since the time of the first relinquishment order." In support of her position, petitioner presented photographic evidence and testified as to the improvements that she took to remedy the prior conditions. Furthermore, in her brief to this Court, petitioner acknowledges that the circuit court took evidence at the preliminary hearing. For these reasons, it is clear that the circuit court allowed petitioner to develop the evidence surrounding her prior involuntary termination, prior to terminating her parental rights to M.J.

For the foregoing reasons, we find no error and the circuit court's December 23, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]The circuit court, which presided over petitioner's prior involuntary termination, presided over the current abuse and neglect proceedings.

3